In the Matter of TEAGUE W. McCARTHY, an Attorney, Resignor.

Second Department, August 5, 1991

## APPEARANCES OF COUNSEL

*Meyer, Suozzi, English & Klein, P. C. (Joseph A. Suozzi* of counsel), for resignor.

*Frank A. Finnerty, Jr.,* for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Teague W. McCarthy has submitted an affidavit dated April

19, 1991, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. McCarthy was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on March 9, 1953.

Mr. McCarthy acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he used moneys from his escrow account for business and personal expenses and as a result thereof, he does not have sufficient funds in that account to distribute the $300,872.62 owed the beneficiaries of three estates. Mr. McCarthy further states that he has no objection to the entry of an order pursuant to Judiciary Law § 90 (6-a) directing restitution, and he specifically waives his right to be heard in opposition to an application for such an order.

Mr. McCarthy indicates that "no useful purpose will be served to anyone by taking any defensive action regarding these allegations or with respect to any disciplinary proceedings which will inevitably be initiated". He further states that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress and indicates that he is fully aware of the implications of submitting his resignation.

Mr. McCarthy's resignation from the Florida Bar was accepted by order of the Supreme Court of Florida dated January 31, 1991, effective March 4, 1991, based upon allegations made in Florida concerning one of the three estates in question.

The Chief Counsel for the Grievance Committee recommends that the court accept the resignation. Under the circumstances herein, the resignation of Teague W. McCarthy as a member of the Bar is accepted and directed to be filed. Accordingly, Teague W. McCarthy is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and O'BRIEN, JJ., concur.

Ordered that the resignation of Teague W. McCarthy is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Teague W. McCarthy is disbarred and his name

is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Teague W. McCarthy shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Teague W. McCarthy is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Teague W. McCarthy, is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

and it is further,

Ordered, that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person or persons to whom

payments are due hereunder in the amounts set forth herein less any amounts reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection in those instances where it has been subrogated to the rights of such person or persons.